IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTINE YODER<br>4400 Elliott Rd.<br>Hilliard, OH 43026<br><br>　　　Plaintiff,<br><br>　　v.<br><br>OHIO STATE UNIVERSITY<br>1590 N. High Street, Suite 500<br>Columbus, Ohio 43201<br><br>　　and<br><br>OHIO STATE UNIVERSITY—COLLEGE OF MEDICINE<br>370 W. 9th Avenue<br>Columbus, Ohio 43210<br><br>　　and<br><br>PHILIP N. TSICHLIS IN HIS OFFICIAL CAPACITY<br>123 E. Torrence Road<br>Columbus, Ohio 43214<br><br>　　and<br><br>CAROL BRADFORD IN HER OFFICIAL CAPACITY<br>626 Jaeger Street, Unit 7<br>Columbus, Ohio 43206<br><br>　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. |

**COMPLAINT**

1. Both Title VII of the Civil Rights Act and the Equal Pay Act protect women from disparate treatment when compared with their male colleagues.

2. Both statutes also prohibit retaliation by an employer for opposing discrimination and for filing a discrimination complaint.

3. Yet, despite these prohibitions, Defendants have discriminated against Dr. Kristine Yoder through discriminatory comments and lower pay than a similarly-situated male colleague, and Defendants have retaliated against Dr. Yoder after she filed complaints regarding this discrimination.

## JURISDICTION

4. This Court has jurisdiction over Dr. Yoder's claims under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including Title VII of the Civil Rights Act and the Equal Pay Act.

5. This Court has personal jurisdiction over Defendants because Defendants reside in Ohio, conduct business in Ohio, and a substantial number of events giving rise to the claims took place in Ohio.

6. Pursuant to 28 U.S.C. § 1391(c), all Defendants are residents of Ohio, and all Defendants are residents of this judicial district. Therefore, venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

7. Plaintiff Dr. Kristine Yoder is a professor at Ohio State University and resides at 4400 Elliott Road, Hilliard, Ohio 43026.

8. Defendant Ohio State University is a state university with its principal location in Columbus, Ohio.

9. Defendant the OSU College of Medicine is part of OSU and has its principal location in Columbus, Ohio.

10. Defendant Dr. Philip N. Tsichlis is the Chair of the Department of Cancer Biology & Genetics at the Ohio State University College of Medicine and resides in Franklin County, Ohio. He is being sued in his official capacity.

11. Defendant Carol R. Bradford is the Dean of the Ohio State University College of Medicine and resides in Franklin County, Ohio. She is being sued in his official capacity.

**FACTS**

12. Dr. Yoder is an Associate Professor in the Cancer Biology and Genetics Department at OSU's College of Medicine. She received her Ph.D. in biology in 2000 from the University of California. She joined OSU as an assistant professor in 2012 and received tenure and promoted to associate professor in 2020. During her tenure review, Dr. Yoder received a unanimous vote from the tenure review board.

13. Throughout her employment at OSU, Dr. Yoder has earned ten grants and brought over $5 million to the University, plus an additional $9 million for her collaborators on an NIH P01 award.

14. Dr. Yoder also has published fourteen senior author papers.

15. Despite her significant accomplishments, Dr. Yoder has been subjected to demeaning comments, hostile work environment, a substantially lower salary than her male colleague, and retaliation.

16. In May 2020, Dr. Yoder expressed concern regarding a one-day notice to draft a comprehensive lab reopening plan following the COVID-19 shut down. Dr. Yoder expressed concerns that such a short notice was not supportive of faculty wellness. In response, Defendant Tsichlis replied that Dr. Yoder should "quit complaining."

17. Dr. Yoder has been in meetings or on email communications in which male faculty members made similar comments questioning the propriety of certain decisions, and Defendant Tsichlis has not told those male faculty members to "quit complaining."

18. Dr. Yoder received the message that, that when a woman expresses her opinion, she is complaining; yet when men express their opinions, they are taken as general input.

19. During faculty or committee meetings, Defendant Tsichlis also routinely and frequently interrupts his female colleagues, including Dr. Yoder, but he does not interrupt his male colleagues.

20. In June 2020, Dr. Yoder expressed concern to Defendant Tsichlis that his constant interrupting of female colleagues was inappropriate. Defendant Tsichlis did not respond to Dr. Yoder's concerns.

21. Additionally, OSU and the College of Medicine pay Dr. Yoder significantly less than a male colleague who received tenure at the same time as Dr. Yoder.

22. Dr. Vincenzo Coppola had his tenure review at the same time. While he was granted tenure, the tenure review board was not unanimous in promoting Dr. Coppola unlike the tenure vote for Dr. Yoder.

23. Throughout his time at OSU, Dr. Coppola has obtained only two grants totaling $704,476. He also has only published nine senior author papers.

24. Salary determinations are supposed to be based on performance, in particular on grants brought into the University. Yet, despite Dr. Yoder clearly outperforming Dr. Coppola, she makes more than $60,000 less than Dr. Coppola.

25. Such pay discrepancies are unfortunately not limited to Dr. Yoder. The College of Medicine on average pays its female associate professors $61,000 less than its male associate professors.

26. Dr. Yoder filed complaints with OSU and College of Medicine officials regarding the sex discrimination and hostile work environment from Defendant Tsichlis.

27. The Human Resources department failed to follow established procedures for investigating such complaints and did not timely respond to Dr. Yoder's complaints. OSU, the College of Medicine, and Defendant Bradford failed to take any action regarding Defendant Tsichlis's behavior towards Dr. Yoder and other female colleagues.

28. Dr. Yoder also filed complaints regarding the pay disparity and requested a formal review. OSU, the College of Medicine, and Defendant Tsichlis likewise did not follow University procedures or timely respond to her complaints and request for formal review. And when they finally responded, OSU and the College of Medicine incorrectly determined that Dr. Yoder's salary was within an acceptable range for the department. Neither OSU nor the College of Medicine addressed the salary disparity between Dr. Yoder and Dr. Coppola, including Dr. Yoder's superior performance.

29. In November 2020 and in response to an email mentioning Dr. Yoder's complaint regarding pay inequality, Defendant Tsichlis replied with "Life is full of struggles! I hope she resolves her dispute too."

30. In retaliation for Dr. Yoder's complaints, Defendant Tsichlis made accusations to Defendant Bradford. In response, Defendant Bradford attempted to move Dr. Yoder and her colleague's research laboratory, which had specialized, custom-imaging equipment. Such measures were outside University policies and procedures. And the only reason that the move was

not accomplished was because the equipment could not be moved and attempting to relocate the equipment would have violated terms of the NIH grants obtained by Dr. Yoder and her colleague.

31. In Dr. Yoder's June 2021 annual review, Defendant Tsichlis refused to speak to Dr. Yoder. Defendant Tsichlis initially downgraded Dr. Yoder's performance as only "good." When Dr. Yoder requested documentation for this and previous reviews, Defendant Tsichlis changed her 2021 review to "great" without comment.

32. Despite Dr. Yoder's excellent performance (as seen by her numerous grants and publications), Dr. Yoder did not receive the full five percent merit increase. However, a junior male colleague, who did not perform as well as Dr. Yoder, received the full merit increase.

33. Defendant Tsichlis also failed to approve important paperwork in a timely manner, which required Dr. Yoder to apply for external funding. And, through his assistant, refused to approve the Dr. Yoder's attempt to hire a research assistant, claiming that her grants did not cover the assistant's entire salary. However, Defendant Tsichlis, through his assistant, had approved a male colleague's request for a research assistant when the salary would not be fully funded by outside sources.

**FIRST CAUSE OF ACTION**
**(Title VII—Sex Discrimination)**

34. Plaintiff incorporates all of her allegations set forth in paragraphs 1 through 33 as if fully rewritten.

35. Defendants discriminated against Dr. Yoder with respect to the terms, conditions, and privileges of employment, including her salary, because of her sex.

36. Defendants failed to pay Dr. Yoder commensurate with the other male employee of similar rank who underperformed in comparison to Dr. Yoder. Defendants failed to pay Dr. Yoder a commensurate salary because of Dr. Yoder's sex, in violation of 42 U.S.C. § 2000e-2.

37. By discriminating against Dr. Yoder based on her sex, Defendants committed unlawful employment practices in violation of 42 U.S.C. § 2000e-2.

38. Dr. Yoder is a member of a protected class.

39. Dr. Yoder complied with all administrative prerequisites necessary to commence civil litigation under Title VII of the Civil Rights Act of 1964. Dr. Yoder's Right to Sue Letter is attached as Exhibit A.

40. As a direct and proximate cause of Defendants' conduct set forth above, Dr. Yoder has suffered damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Equal Pay Act)**

41. Plaintiff incorporates all of her allegations set forth in paragraphs 1 through 40 as if fully rewritten.

42. At all relevant times, Defendants have been an "employer" within the meaning of the Equal Pay Act.

43. The Equal Pay Act makes it unlawful for an employer "to discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex." 29 U.S.C. § 206(d)(1).

44. Defendants employ Dr. Yoder and Dr. Coppola as associate professors in the Cancer, Biology, and Genetics Department of OSU's College of Medicine. Dr. Yoder and Dr. Coppola's positions require substantially equal skill, effort, and responsibility, they perform their duties under similar working conditions, and they are to perform substantially equal work.

45. However, despite Dr. Yoder outperforming Dr. Coppola, Defendants pay Dr. Yoder a lower wage than Dr. Coppola.

46. The differential in pay between Dr. Coppola (a male) and Dr. Yoder (a female) is not because of a bona fide seniority system (they received tenure at the same time), a bona fide merit system (Dr. Yoder outperforms Dr. Coppola), or a bona fide system that measures employee earnings by quantity or quality of work (again, Dr. Yoder outperforms Dr. Coppola), or any other factor other than sex.

47. Defendants caused, contributed to, and caused the continuation of wage rate discrimination based on sex in violation of the Equal Pay Act.

48. As a direct and proximate cause of Defendants' conduct set forth above, Dr. Yoder has suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Title VII—Hostile Work Environment)

49. Plaintiff incorporates all of her allegations set forth in paragraphs 1 through 48 as if fully rewritten.

50. Defendant Tsichlis subjected Dr. Yoder to unwelcome, harassing, demeaning, and intimidating comments, which were communicated to the whole Department, and occurred on a regular basis.

51. The harassment was sufficiently severe and pervasive, altered the conditions of Dr. Yoder's employment, and created an abusive working environment.

52. Defendant Tsichlis's conduct was directed at Dr. Yoder based on her sex.

53. Defendant Tsichlis's conduct had the effect of unreasonably interfering with Dr. Yoder's work performance.

54. Defendants OSU, the College of Medicine, and Defendant Bradford knew about the harassing conduct because Dr. Yoder filed official complaints regarding the harassing behavior.

55. However, Defendants took no remedial action to protect Dr. Yoder or otherwise address Defendant Tsichlis's conduct.

56. By failing to act, Defendants OSU, the College of Medicine, and Defendant Bradford knowingly ratified, approved, and permitted the continued sex discrimination and harassment of Defendant Tsichlis.

57. Defendants subjected Dr. Yoder to a hostile work environment in violation of 42 U.S.C. § 2000e-2.

58. Dr. Yoder complied with all administrative prerequisites necessary to commence civil litigation under Title VII of the Civil Rights Act of 1964. *See* Exhibit A.

59. As a direct and proximate cause of Defendants' conduct set forth above, Dr. Yoder has suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Title VII and Equal Pay Act—Retaliation)

60. Plaintiff incorporates all of her allegations set forth in paragraphs 1 through 48 as if fully rewritten.

61. Following Dr. Yoder's official complaints of sex discrimination and pay disparities, Defendants took a number of retaliatory actions, including but not limited to attempts to move Dr. Yoder's laboratory, refusal to approve a research assistant, lower performance review, and lower merit increase.

62. Dr. Yoder's official complaints regarding sex discrimination and pay disparities constitute protected conduct under Title VII and the Equal Pay Act.

63. Defendants treated Dr. Yoder differently with respect to the terms and conditions of her employment because of her participation in protected activity.

64. Defendants' conduct constitutes retaliation, which is prohibited by both Title VII and the Equal Pay Act.

65. As a direct and proximate cause of Defendants' conduct set forth above, Dr. Yoder has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff Kristine Yoder prays for judgment in her favor and against Defendants as follows:

A. An award of compensatory damages, attorney's fees, and litigation costs;

B. Pre- and post-judgment interest; and

C. All other legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Stefanie L. Coe*
Stefanie L. Coe (0078265)
Tiffany L. Carwile (0082522)
ARNOLD & CLIFFORD LLP
115 W. Main St., 4th Floor
Columbus, Ohio 43215
Ph: (614) 460-1600
Email: scoe@arnlaw.com
tcarwile@arnlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

*/s/ Stefanie L. Coe*
Stefanie L. Coe